## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In Re:

**DANIEL A. ROSTEIN,**                                                      Chapter 7

Case No. **11-14185**

Debtor.                                                               Hon. Timothy A. Barnes


## OBJECTION TO TRUSTEE'S FINAL REPORT AND TO TRUSTEE'S COUNSEL'S APPLICATION FOR ALLOWANCE OF COMPENSATION

Debtor Daniel A. Rostein, by and through his attorney, James W. Corbett,  pursuant to  11 U.S.C. § 330, hereby objects to the  Chapter 7 Trustee's Final Report and to the Application for Allowance of Compensation filed by Counsel for the Chapter 7 Trustee, and in support of his objections, states as follows:

1. Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 4, 2011.

2. Debtor is a party in interest to the extent that any reduction of  the fees requested by Trustee's counsel or of the claims of creditors other than the Debtor's ex-wife, Judy Guitelman, will increase the amount this Estate  pays to Debtor's ex-wife, and thereby reduce Debtor's liability to her.

3. Debtor objects to the Trustee's Final Report to the extent that it proposes to pay, as priority claims under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B), the claims of  attorneys  and accountants for the Debtor's ex-wife, Judy Guitelman, for work they performed in connection with  dissolution of marriage proceedings in the Circuit Court of DuPage County, Illinois.  § 507(a)(1)(A) and (B) provide in relevant part:

"The following expenses and claims have priority in the following order:
**(1)** First:
**(A)** Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person . . .

**(B)** Subject to claims under subparagraph (A), allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition, are assigned by a spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative to a governmental unit (unless such obligation is assigned voluntarily by the spouse, former spouse, child, parent, legal guardian, or responsible relative of the child for the purpose of collecting the debt) or are owed directly to or recoverable by a governmental unit under applicable nonbankruptcy law . . ."

4. Obviously, the claims of the attorneys and the accountants for the Debtor's ex-wife have not been assigned "by a spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative to a governmental unit" as required under § 507(a)(1)(B). Likewise, under the plain language of § 507(a)(1)(A) the claims of the attorneys and the accountants for the Debtor's ex-wife are not "owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative." See *In re Watson,* 402 B.R. 294 (Bkrtcy.N.D. Ind. 2009). See also *In re ORZEL,* 386 B.R. 210 (Bkrtcy.N.D. Ind. 2008), where the court found that a fee award entered in favor of third-party law firm that had represented the debtor's former spouse in a marital dissolution action was not an obligation for alimony, maintenance or support "owed to a spouse, former spouse or child," such as would be payable on seventh-level priority basis under the Code as it existed prior to the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), where, as here, the obligation was owed directly to the law firm.

5. Further, while the Trustee's Final Report references paragraphs 3 & 4 of the Order dated April 10, 2012 and entered in this case on April 11, 2012 in connection with the proposed payment of the claims of the attorneys and accountants for the Debtor's ex-wife, it is clear that the Order does **not** grant priority status to those claims, but merely states that they (along with Judy Guitelman's claim) are subordinate to the cost of the administration of the Estate.

6. The source of the Debtor's first objection to the Application for Allowance of Compensation filed by the Trustee's Counsel is found in paragraph 5 of the Order dated April 10, 2012 which provides in that the Trustee's Counsel's "fees shall not exceed fifty percent of the funds administered by this Estate." As the Trustee's Application for Compensation reflects, approximately $93,370.20 of funds were administered by this Estate, and therefore the fees of Trustee's Counsel

should be capped at $46,685.10.

7.      The Debtor has several objections to the fees requested by Trustee's Counsel related to the Hinsdale Property.  First, because the Motion to Authorize the Continued Marketing of the Hinsdale Property was ultimately withdrawn,  a huge portion of the fees incurred on the Hinsdale matter prior to 11/30/2011 when the option of  a quit claim sale to the Debtor's ex-wife, Judy Guitelman, first appears to have been broached, as those fees were neither necessary nor beneficial to the administration of this Estate.

8.   Alternatively,   at least   7.50 hours were incurred in drafting and appearing on the Motion to Authorize the Continued Marketing of the Hinsdale Property and  clearly were neither necessary nor beneficial to the administration of this Estate.

9. Additionally, between 6/29/2011 and 10/13/2011 at least 3.30 hours were billed for which merely were described as  correspondence or conversations "regarding" or "about" the Hinsdale Property.

**WHEREFORE,** Debtor Daniel A. Rostein respectfully requests that this Court:

A.      Enter an Order finding that the claims of the  attorneys  and accountants for the Debtor's ex-wife, Judy Guitelman, for work they performed in connection with dissolution of marriage proceedings in the Circuit Court of DuPage County, Illinois do not have priority under § 507(a)(1)(A) or (B);

B.      Set a hearing on Debtor's Objections to the Application for Allowance of Compensation filed by Counsel for the Chapter 7 Trustee; and

B. Grant him such other and further relief as the Court deems equitable.

Respectfully submitted,

By: /S/ *James W. Corbett*
James W. Corbett, Attorney for Debtor

James W. Corbett
Attorney for Debtor
ARDC No. 6193936
1645 W. School St., Suite 314
Chicago, Illinois 60657
(312) 919-1965